```
Alan S. Wolf, Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM, A Law Corporation
2955 Main Street, Second Floor
Irvine, CA 92614
Tel: (949) 720-9200
Fax: (949) 608-0128

Attorneys for Movant
U.S. Bank National Association, as trustee, on behalf of the
holders of the Asset Backed Securities Corporation Home
Equity Loan Trust, Series MO 2006-HE6 Asset Backed Pass-
Through Certificates, Series MO 2006-HE6
```

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re: ) | CASE: 10-50396RLE-13 |
| ) | |
| LIZ JANETH ANGELES aka LIZ JANETH ) | CHAPTER 13 |
| PADILLA ANGELES aka LIZ PADILLA dba ) | |
| ANGELES TOWING ) | REF.: ASW-680 |
| ) | |
| Debtor. ) | MOTION FOR RELIEF FROM |
| ) | THE AUTOMATIC STAY AND |
| ) | DECLARATION OF JO-ANN |
| ) | GOLDMAN IN SUPPORT |
| ) | THEREON |
| ) | |
| ) | DATE: 03/31/10 |
| ) | TIME: 10:00am |
| ) | CTRM: 3099 |
| ) | U.S. Bankruptcy Court |
| ) | 280 S. First Street |
| _____ ) | San Jose, California |

     The Motion of U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series MO 2006-HE6 Asset Backed Pass-Through Certificates, Series MO 2006-HE6 respectfully shows as follows:

     1.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

Matter I.D. 6401-5881

2. On January 17, 2010, a petition under Chapter 13 of the Bankruptcy Code was filed by the Debtor. Pursuant to 11 U.S.C. § 362(d)(4), Debtors' filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved multiple bankruptcy filings affecting the Property and the transfers of all or part ownership of, or other interest in the Property without the consent of Movant or court approval.

3. The Debtor's Chapter 13 Plan has not yet been confirmed.

4. DEVIN DERHAM-BURK is the Chapter 13 Trustee for this case.

5. Movant is, and at all times herein mentioned was a corporation organized and existing under the laws of the United States.

6. Movant is the beneficiary under a Deed of Trust by way of assignment which secures a Promissory Note ("Note") in the principal sum of $594,000, with the Note all due and payable on September 1, 2036. The Note and Deed encumber real property commonly known as:

>   20723 Arline Avenue, Units A, B & C, Lakewood, CA 90715 ("Property")

and legally described as set forth in the Deed of Trust, which is attached to the Declaration of JO-ANN GOLDMAN.

7. The beneficial interest under the Deed of Trust is currently held by Movant by way of assignment. <u>See</u> Declaration of JO-ANN GOLDMAN.

8. There was a default under the terms of the Note and Deed of Trust and on May 9, 2008, Movant caused to be recorded a Notice of Default and Election to Sell.

9. On January 5, 2009, Movant caused to be recorded a Notice of Sale.

10. On July 6, 2009, a Trust Transfer Grant Deed was executed and recorded which transferred interest in the subject property from Luis R. Campos to Luis R. Campos, Edwin Rodriguez and Liz Angeles as Co-Trustees of the 20723 Arline Ave Trust. At the time this deed was executed, Liz Angeles was in an active Chapter 13 bankruptcy which she had filed with this Court on June 26, 2009, case number 09-55111. The case was dismissed on August 13, 2009 for failure to file documents and was closed on September 25, 2009.

11. On September 8, 2009, another Trust Transfer Grant Deed was recorded which transferred interest in the subject property from Luis R. Campos to Luis R. Campos, Edwin Rodriguez and Ramses Garcia as Co-Trustees of the 20723 Arline Ave Trust. At the time this deed was executed, Ramses Garcia was in an active Chapter 13 bankruptcy which he had filed in the Los Angeles Division Central District bankruptcy court on August 28, 2009, case number 09-33125. The case was dismissed on November 2, 2009 and closed on January 20, 2010.

12. On August 31, 2009, Liz Angeles filed another Chapter 13 bankruptcy with this Court, case number 09-57309.

On November 20, 2009, Creditor filed a Motion for Relief from Stay which set a hearing for December 8, 2009. The case was dismissed on December 7, 2009 for debtors' failure to file documents but the hearing on the Creditor's motion was still held and Creditor's motion was granted. However, the case was closed on December 29, 2009 before Creditor's order granting relief was entered.

13. On January 19, 2010, a third Trust Transfer Grant Deed was executed which transferred interest in the subject property from Luis R. Campos to Luis R. Campos, Edwin Rodriguez and Roderick S. Serrato as Co-Trustees of the 20723 Arline Ave Trust. At the time this deed was executed, Roderick S. Serrato was in an active Chapter 13 bankruptcy which he had filed in the Oakland Division of this Court on January 11, 2010, case number 10-40266. The case was dismissed on January 28, 2010.

14. The Property is not Debtor's principal residence.

15. At the time of the filing of this case, the pre-petition arrearages under the Note and Deed of Trust were approximately $108,498.18.

16. Since the time of the filing of the instant case, and as of March 4, 2010, the Debtor has failed to tender 2 of the post-petition payments which have fallen due. In fact, the Debtor has failed to tender the February 1, 2010 through March 1, 2010 post-petition payments. Further monthly payments in the amount of $4355.66 will continue to accrue.

17. The total amount due under Movant's Note and Deed of Trust as of March 4, 2010, exclusive of post-petition attorneys fees and costs, was approximately $701,123.45.

18. The Debtor has no reasonable prospect for reorganization and the Property is not necessary for an effective reorganization.

19. Movant does not have, and has not been offered, adequate protection for its interest in the Property and the passage of time will result in irreparable injury to Movant's interest in the Property including, but not limited to, loss of interest and opportunity.

20. For all the reasons set forth herein, there is cause for relief from stay including, but not limited to, lack of adequate protection and the Debtor's failure to make the required Deed of Trust payments.

WHEREFORE, Movant prays for the judgment against Respondents as follows:

(1) That the automatic stay be terminated so that Movant may exercise or cause to be exercised any and all rights under the Note and/or Deed of Trust and any and all rights after the foreclosure sale, including, but not limited to, the right to consummate foreclosure proceedings on the property and the right to proceed in unlawful detainer;

(2) For reasonable attorneys' fees as a secured claim under 11 U.S.C. Section 506(b);

(3)   That any relief from stay granted Movant be deemed binding and of full force and effect in any pending or future case filed by any entity that claims any interest in the property;

(4)   For a finding that the filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved the transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval and multiple bankruptcy filings affecting the Property, and that as such, if recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)4(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording;

(5)   For the waiver of the 14 day stay pursuant to Bankruptcy Rule 4001(a)(3).

(6)   For reasonable attorneys' fees and costs;

(7)   For costs incurred or expended in suit herein; and

(8)   For such other and further relief as the Court deems just and proper.

Dated:   March 12, 2010

                                   /s/ Alan Steven Wolf
                                   ALAN STEVEN WOLF
                                   Attorneys for Movant
                                   U.S. Bank National Association, as
                                   trustee, on behalf of the holders of
                                   the Asset Backed Securities
                                   Corporation Home Equity Loan Trust,
                                   Series MO 2006-HE6 Asset Backed
                                   Pass-Through Certificates, Series MO
                                   2006-HE6